UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COREY ROBERT SIMMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:13CV621 CEJ |
| UNKNOWN MOWRY, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff for leave to proceed in forma pauperis. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the filing fee. See 28 U.S.C. § 1915. Based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose

of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Id. at 1949.  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id. at 1950-51.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  Id.  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  Id. at 1951.  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred.  Id. at 1950, 51-52.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are two St. Louis City police officers, Unknown Mowry and Unknown Temptable.

Plaintiff alleges that he was "attacked" and "shot in the back" by the "police." He further alleges that the doctors at the hospital told him that the bullet could not be removed from his back, and he asserts that he was denied proper medical care. Plaintiff does not identify the "police" who assaulted him and his complaint contains no allegations against either defendant in this case. Plaintiff also fails to identify any person who denied him proper medical care. Furthermore, plaintiff fails to allege the capacity in which he is bringing his claims against defendants. Given these omissions, the Court concludes that the complaint is frivolous.

Although plaintiff does not state the date of the alleged occurrence in his complaint, the Court takes judicial notice of a prior complaint filed by plaintiff against the same defendants. See Simms v. Mowry, 4:04CV35 DJS (E.D. Mo.). In the earlier complaint (filed in January 2004), plaintiff alleged that his rights had been violated by defendants in the course of an arrest in February of 2000. He claimed that defendants Mowry and Temptable broke down the door of his home, attacked him and shot him in the back. Plaintiff's 2004 complaint survived initial review under 28

U.S.C. § 1915, however he later voluntarily dismissed the action, without prejudice, on July 8, 2004.

"Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run." Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992). Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. Sulik v. Taney County, Mo., 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4).

If it was the plaintiff's intention to attribute the actions alleged in the complaint to defendants Mowry and Temptable, it is apparent that the allegations pertain to an incident that occurred in February of 2000, more than thirteen years ago. As such, plaintiff's claims against these defendants fall outside the five-year statute of limitations applicable to actions brought under § 1983 and are subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions to proceed in forma pauperis [Doc. #2 and #8] are **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the claims asserted in the complaint are frivolous and are barred by the statute of limitations. 28 U.S.C. § 1915.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 22nd day of July, 2013.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE